# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 22-1629V**

DANIEL LENEHAN,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: September 30, 2026

*Sara J. Watkins, Robert Peirce & Associates, P.C., Pittsburgh, PA, for Petitioner.*

*James Connor Daughton, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 1, 2022, Daniel Lenehan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.[2] (the "Vaccine Act"). Petitioner alleges that he suffered from Guillain-Barre Syndrome ("GBS") following an influenza vaccination he received on November 20, 2020. Petition at 1. On March 24, 2026, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 57.

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $23,101.88 (representing $15,270.00 in fees plus $7,831.88 in costs). Petitioner's Motion for Attorneys' Fees and Costs ("Motion") filed September 22, 2026, ECF No. 62. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 62-5.

Respondent reacted to the Motion on September 30, 2026, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case. Moreover, Respondent states that he does not object to the overall amount sought, as it is not an unreasonable amount to have been incurred for proceedings in this case to date. Respondent's Response to Motion at ECF No. 63. Petitioner filed no reply thereafter.

I have reviewed the billing records and supporting documentation submitted with Petitioner's Motion. I find the overall amount sought to be reasonable and will award it herein.[3]

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $23,101.88 (representing $15,270.00 in fees plus $7,831.88 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] However, this award should not be construed as an acceptance of the hourly rates requested, the number of hours billed, or other litigation related costs.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.